**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
ROBERT G. WRIGHT, JR.,        )
                              )
        Plaintiff,            )
                              )
    v.                        )   Civil Action No. 02-915 (GK)
                              )
FEDERAL BUREAU OF             )
INVESTIGATION,                )
                              )
        Defendant.            )
_____)
                              )
JOHN VINCENT,                 )
                              )
        Plaintiff,            )
                              )
    v.                        )   Civil Action No. 03-226 (GK)
                              )
FEDERAL BUREAU OF             )
INVESTIGATION,                )
                              )
        Defendant.            )
_____)
```

**MEMORANDUM OPINION**

Plaintiffs are Robert G. Wright, Jr., a FBI Special Agent based in Chicago, and John Vincent, a retired FBI Special Agent. Plaintiffs were both members of the FBI's Counter-Terrorism Task Force. Plaintiffs were denied permission, pursuant to the FBI's prepublication review policy, to publish certain writings critical of the FBI's counter-terrorism efforts. They bring these separate lawsuits against Defendant, Federal Bureau of Investigation

("FBI").  Vincent has also named the Department of Justice as a Defendant.

On July 31, 2006, this Court denied Plaintiffs' Motions for Summary Judgment, granted Defendants' Motions for Summary Judgment with respect to Plaintiffs' claims under 28 C.F.R. § 17.18 (Count II) and the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (B), and (D) (Count III), and denied Defendants' Motions with respect to Plaintiffs' First Amendment claims (Count I) ("Opinion") [Dkt. Nos. 69, 70].[1]

This matter is now before the Court on Plaintiffs' Motions for Reconsideration ("Mot.") of the award of summary judgment with respect to Section 706(2)(B) of the APA.  Upon consideration of the Motions, Oppositions, and Replies, the entire record herein, and for the reasons stated below, Plaintiffs' Motions for Reconsideration are **granted**.

Motions for reconsideration are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances."  Andreen v. Lanier, 582 F. Supp. 2d 48, 49-50 (D.D.C. 2008) (quoting Niedermeier v. Office of Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)).  A motion for reconsideration is granted only when "there is an intervening change of controlling law, the availability of new evidence, or the

---

[1] For the sake of simplicity, Docket Numbers refer only to Wright, 02-915.

need to correct clear error or manifest injustice." Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

Here, Plaintiffs argue that the Court committed clear error by dismissing all three APA claims in their entirety. Count III alleged violations of three separate sections of the APA: Sections 706(2)(A), (B), and (D). Under Section 706(2)(A), a court may "set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." In contrast, section 706(2)(B) allows a court to "set aside agency action" that is "contrary to constitutional right, power, privilege, or immunity."[2]

Plaintiffs allege that granting Defendants' Motions for Summary Judgment with respect to Section 706(2)(B) was "premature while the First Amendment claims are pending." Mot. at 1. Therefore, Plaintiffs contend, the Court's statement that "Defendants' Motions are granted with respect to Plaintiffs' claims under . . . the APA" sweeps too broadly.

In response, Defendants argue that none of the three elements upon which a motion for reconsideration may be granted -- a change of law, new evidence, or a need to correct clear error or manifest injustice -- are present here. Defendants also argue that Plaintiffs should have made the differences between subsections (A)

---

[2] Plaintiffs have made no claim regarding Section 706(2)(D).

and (B) of the APA more apparent in their briefs. Finally, Defendants argue that the Motion is unnecessary because Plaintiffs will not suffer any "material injustice" since the Opinion does not prohibit Plaintiffs from pursuing their constitutional claims.

When a court denies APA claims under the "arbitrary and capricious" prong, it does not automatically deny APA claims based on the "contrary to constitutional right" prong. See WWHT, Inc. v. FCC, 656 F.2d 807, 815 n.15 (D.C. Cir. 1981) ("In no event would a finding of nonreviewability on the ground that an action is committed to agency discretion preclude judicial review when constitutional violations have been alleged.").

Nothing in the Opinion can be read to deny any of Plaintiffs' claims that have a constitutional basis. The Opinion explicitly denies Defendants' Motion for Summary Judgment on Plaintiffs' constitutional claims. See id. at 28 ("[T]he parties' Motions for Summary Judgment are denied with respect to Plaintiffs' First Amendment claims.") (emphasis omitted). In addition, the section of the Opinion that addresses the APA claims, Part C, never refers to Section 706(2)(B). See Opinion, at 24-28. In describing and rejecting Plaintiffs' arguments, Part C refers only to the "arbitrary and capricious" claims brought pursuant to Section 706(2)(A). See generally id. Because all of Plaintiffs' constitutional claims should be preserved, including those based on

the APA, Plaintiffs should be entitled to pursue relief for the portions of Count III based on Section 706(2)(B).

For the reasons noted above, it is hereby

**ORDERED** that Plaintiffs' Motions for Reconsideration [Dkt. No. 71] are hereby **granted** and Count III is reinstated only as to claims based on Section 706(2)(B) of the APA.

February 24, 2009                         /s/
                                          Gladys Kessler
                                          United States District Judge

**Copies to: Attorneys of record via ECF**